GREEN B. FAIRCLOTH *et al.,* plaintiffs in error, *vs.* N. P. BRINSON, administrator, defendant in error.

Where A. made her will, in 1860, in which she gave $1,000 00 to S., as trustee for her grand-children, and appointed S. also executor of her will, and during the life of S. it was claimed in defense of this action, brought to recover the legacy from B., the administrator, *de bonis non,* etc., that he, S., had paid this amount, and upon the trial, in support of such defense, it appeared, by the proof of a Confederate States depository, that S. had invested certain funds in four per cent. certificates of such Confederate States, the trustee not stating for whom; and also a loose paper memorandum, containing an entry, in his handwriting, of such fact being for the complainants, and there was proof of the bonds not being found, etc., and counter-testimony of an order granted by the Judge of the Superior Court authorizing such investment for the estate, and other *cestui que trusts* by name, but not these complainants, and his returns, and the jury, upon the facts, found for the defendants, and a motion for a new trial was overruled by the Court:

*Held,* That, under the facts in this case, the Court erred in overruling the motion for a new trial, upon the ground that the evidence was not sufficient to show that the money had ever been separated from the estate and paid to himself, as the trustee for the Faircloth children.

Administrators and Executors. Before Judge CLARKE. Dougherty Superior Court. June Term, 1870.

(The opinion gives all the facts necessary for understanding it.)

STROZIER & SMITH, for plaintiffs in error.

WRIGHT & WARREN, for defendant.

LOCHRANE, C. J.

This case arises out of a bill of interpleader, filed by Brinson, as executor of Sarah Foreland. The will of Sarah Foreland gave to J. L. B. Scarborough, in trust for Reddin Faircloth and others, her grand-sons, $1,000 00, which he was authorized to loan out and apply the yearly proceeds for the benefit of the *cestui que trusts*, to be turned over to them as they became of age; and, in case there was not sufficient arising from the sale of property directed to be sold by the will, the deficiency was to be made up out of the share of Scarborough. By the ninth item of said will, Scarborough was appointed one of the executors. This will was executed in July, 1860, and after the death of the testatrix, Scarborough qualified as the sole executor, and took into his possession the whole estate. After his death, Brinson qualified and undertook the execution of so much of the will as was left unexecuted. This suit originated in the Court of Ordinary, by rule, requiring him to show cause why he should not pay over the $1,000 00 and interest claimed by the legatees, under the will of the testatrix. Upon the hearing, the Ordinary ordered the money to be paid, upon the legatees executing a refunding bond. This decision was appealed from to the Superior Court. This bill alleges that the Ordinary had no right to issue such judgments and presents other claimants not represented before the Ordinary, and makes all parties at interest parties to the bill, etc.

Upon trial, it appeared, upon the part of the plaintiff in error, that under the 7th section of the will of Sarah Foreland, they were entitled to $1,000 00 specific legacy. The defendant, in discharge of this liability, set up that Scarborough, as executor under the will, had sold property belonging to the estate, and had, as trustee of said plaintiffs in error, received from himself, as executor, the said $1,000 00 in Confederate money, and had invested it in four per cent. bonds of the Confederate States, and, in evidence, showed by a Con-

federate depository, that he had made investments, and had received certain bonds corresponding in amount, but not expressing, in terms, the parties for whom such instrument had been made. It also appeared, upon examination of his papers, after his death, and in the offices of other custodians of such papers, that these certificates could not be found, and that upon a loose piece of paper, in the handwriting of the decedent, there was this entry: " John L. B. Scarborough, trustee for the heirs of Elizabeth Faircloth, children, one bond, Confederate, $1,000 00." Also, a tax receipt, received from him, as trustee of the heirs of Faircloth, $4 60, for State and county tax, for 1864; also, a memorandum from the tax book for 1864, charging himself, as trustee of Elizabeth Faircloth's children, amounts of money, etc., $1,000 00.

The complainants then put in evidence the petition of Scarborough to Judge Clarke, showing the application asking authority to invest moneys belonging to the estate, and for his two wards, Sarah and Reddin Clifton, which order was passed on the 22d March, 1864, and also his return, in 1864, in which there were no returns of amount charged to himself, as trustee of the Faircloth children. The case was submitted to the jury, who found there was nothing due respondents, and a motion was made for a new trial, upon several grounds, alleging error in the admission of testimony and the finding of the jury, to which we will briefly address ourselves.

We remark that the principles of law controlling this case may be found in the case of *Brown vs. Wright and wife,* 39 *Georgia,* 99. We do not question the right of those who were invested with a fiduciary character, during the late war, to discharge themselves from liability by the exhibition of good faith and the exercise of such prudence and care in the management of trust-estates, as the rules of equity and law require. Any higher degree of liability would be manifestly unjust to such trustees, and any less would be violative of the rights of women and children, whose estates they repre-

sented.   This case presents, if any could, an exceptional feature to the requirements of the general rule, in that the bequest of $1,000 00 was, if deficient from other sources, to be made up from the legacy of the party clothed with the powers of this trust.   Was it legitimate for him, as executor of this estate, charged with the payment of this specific sum of money, under a testament made with a view to the payment of a gold currency, to discharge himself, in 1864, by an investment in Confederate certificates at a depreciation of some $20 00 to one?   The rule that requires good faith in the fiduciary agents can hardly be recognized as embracing a principle of such palpable and manifest injustice.   Scarborough was the executor of the will as well as trustee.   The confidence reposed in him by the testatrix, as well as the duty imposed by law, demanded the utmost good faith, and we do not think, under the facts in this case, that it was within the spirit or letter of his duty to charge himself with this trust and discharge it almost simultaneously by an investment, to say the least, doubtful in its solvency and depreciated in its value to an extent which diminished the legacy to a mere nominal amount.   Such investment was not a payment to the *cestui que trusts,* and cannot operate as an estoppel to the collection of their claim against the estate.   It was the will of their grand-mother that these minors should receive from her estate the amount of $1,000 00.   We do not think that it has been paid over to them, by operation of law, through this alleged investment in Confederate certificates.

Judgment reversed.